JACOB BINDER, Appellant, *vs.* FREDERICK LANGHORST *et al.* Appellees.

*Opinion filed June 18, 1908.*

1. STATUTES—*when the word "may" will be construed to mean "shall."* The word "may" in a statute will be construed to mean "shall" whenever the rights of the public or third persons depend upon the exercise of the power or the performance of the duty to which it refers, and in all cases where public interests and rights are concerned or a public duty is imposed upon public officers and the public or third persons have a claim *de jure* that the power be exercised or the duty performed.

2. Drainage—*commissioners have full power to construct necessary work.* The statute plainly gives to drainage commissioners the power, under the direction of the court, to perform any work necessary for the protection and ample drainage of land within the district, whether the work is to be done within or without the district, and to raise money, by assessment, for that purpose.

3. Same—*duties and obligations of commissioners are the same in farm drainage districts and levee districts.* The duties and obligations of the commissioners to provide ample drainage for assessed lands in the district is the same in levee districts as in farm drainage districts, and under section 50 of the Levee act the commissioners· of levee districts are liable in damages to an owner of assessed land for neglect of their duties.

4. Same—*levee district commissioners are liable for damages to land owner from neglect of their duties.* Commissioners of a levee district are not liable in damages for mere errors of judgment exercised in good faith, but if they neglect or refuse to·enlarge or clean out·the ditches so as to afford adequate drainage, under a practical and feasible plan, for land which has been assessed but has received no benefit from the drainage system, they are liable for damage from the flooding of the lands, even though the ditches as orginally constructed were inadequate.

5. Same—*fact that flooding of lands is due to natural cause does not relieve commissioners from liability.* The mere fact that the flooding of assessed land in the district is due to natural causes does not relieve the commissioners of a levee district from liability for damages thereby sustained, since the purpose of a drainage system is to overcome natural conditions which cause a flooding of the lands in the district.

6. Same—*when instructions which excuse liability of drainage commissioners are erroneous.* In an action against drainage commissioners for damages for the flooding of lands in the district, instructions holding that the commissioners could not be found guilty except for some failure or neglect to perform their statutory duty, without informing the jury what such statutory duty was, are bad.

Appeal from the Appellate Court for the ·Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. H. B. Willis, Judge, presiding.

A. H. Switzer, (J. Ivor Montgomery, of counsel,) for appellant.

John M. Raymond, and John K. Newhall, for appellees.

Mr. Justice Dunn delivered the opinion of the court:

This is an action on the case brought by Jacob Binder against Frederick Langhorst, John Hem and Madison Phillips, drainage commissioners of Union Drainage District No. 1, Kane and Kendall counties, under section 50 of the Levee act, under which said district was organized, to recover damages suffered by plaintiff through loss of crops by flood, which he claims was a direct result of the defendants' neglect and refusal to give him adequate drainage for his lands in the district. It is claimed that the drainage ditch was not large enough and did not properly drain the lands of the plaintiff, and that he repeatedly requested the commissioners to give him adequate drainage, which they neglected and refused to do. A separate trial was on their motion granted to the appellees Langhorst and Hem, and resulted in a verdict and judgment in their favor. This judgment has been affirmed by the Appellate Court for the Second District, and plaintiff has appealed to this court, the Appellate Court having granted a certificate of importance.

There was evidence on the part of the plaintiff tending to show that he had been assessed and had paid more than one-third of the total amount assessed for the work of the district; that, though the larger part of the land of the district was properly drained, plaintiff's lands, which were low and wet, received very little benefit, if any, from the work done, and that 120 acres of 160 assessed are not provided with drainage by the present ditches; that the ditch constructed in the lower part of the district was inadequate to drain the lands, both because it was not large enough to carry the water, being neither wide enough nor deep enough, and, because it was full of curves, bars had been permitted to form and in some places it was badly

choked. Plans for the enlargement, deepening and straightening of the present ditch, and for other work, were introduced in evidence, together with testimony that the carrying of them out would furnish adequate drainage. There was a conflict in the evidence which it is not the province of this court to consider.

Seven instructions were given to the jury on behalf of the defendants and all the instructions asked by the plaintiff were refused. The first instruction refused was to the effect that if the commissioners, by a plan that was practical and feasible, might have furnished adequate drainage for the land and they failed or neglected to furnish it, and by reason of such failure or neglect the plaintiff was damaged, then he had a right to recover; and the second was, that if the money in the hands of the commissioners was insufficient to provide adequate drainage, then it was their duty to proceed to levy an additional assessment to provide sufficient funds for furnishing adequate and complete drainage for all the land in the district. These instructions should have been given.

Section 50 of the Levee act provides that any commissioner refusing or neglecting to discharge any of the duties imposed on him by the act shall be liable to the party aggrieved for all damages sustained by him. Section 37 provides that assessments may be levied on the lands within the district from time to time, on the petition of the commissioners, where it shall become necessary for the construction of any additional work to insure the protection or drainage of the lands in the district. Section 57 provides that to secure complete drainage of the lands within any drainage district the commissioners may widen, straighten, deepen or enlarge any water-course, whether within, without or below the district.

The power of the commissioners, under the direction of the court, to construct any work necessary for the protection and ample drainage of the lands within the district,

whether the work is to be done within or without the district, and to raise money by assessment for that purpose, is plainly given by the statute. (*Briggs* v. *Union Drainage District,* 140 Ill. 53.) In the case of *Peotone Drainage District* v. *Adams,* 163 Ill. 428, it was held that the duties of drainage commissioners, under the Farm Drainage act, to provide main outlets, of ample capacity and proper construction, for the waters of the district, may be enforced by *mandamus,* even though they have a discretionary power to determine the system of drainage and outlets and in regard to the location of drains and the details of the work. If the system adopted does not, in fact, afford drainage to the lands, a land owner assessed but not benefited may compel the commissioners to change the system so that his lands will be drained. So, also, it was held in *Kreiling* v. *Nortrup,* 215 Ill. 195. The obligation and the power of the commissioners are the same under the Levee act as under the Farm Drainage act. The language conferring authority is not the same and the method of assessment is different, but the duty to provide drainage for the lands is just as imperative. The word "may" in a statute will be construed to mean "shall" whenever the rights of the public or third parties depend upon the exercise of the power or performance of the duty to which it refers, and such is its meaning in all cases where public interest and rights are concerned or a public duty is imposed upon public officers, and the public or third persons have a claim *de jure* that the power shall be exercised. (*Brokaw* v. *Comrs. of Highways,* 130 Ill. 482.) Commissioners of drainage districts, as commissioners of highways, who have in good faith, to the best of their ability, exercised their judgment and used the means which the law provides in the construction and preservation of the work committed to their charge, are not liable for an injury occurring without any intentional neglect of duty on their part; (*Nagle* v. *Wakey,* 161 Ill. 387;) but where there has been an abuse of discretion, relief may

be had by means of the writ of *mandamus,* (*Bromwell* v. *Flowers*, 217 Ill. 174,) and the statute here expressly makes the commissioners liable for damages occasioned by their neglect of duty.

The fourth instruction given on behalf of the defendants is to the effect that if the flooding of the plaintiff's land was due to natural causes and was not caused by any neglect or refusal of the defendants to do their statutory duty, then they are not liable; and the sixth instruction is to the effect that defendants were not liable for any neglect, mistake or error in the construction of the ditch, or maintenance thereof, by the former commissioners. The organization of the drainage district was for the purpose of overcoming natural conditions which caused a flooding of the land embraced in the district, and the mere fact that there were such natural conditions which caused a flooding of the land did not relieve the commissioners from liability. The fact that the ditch as originally constructed was not of such a character as to drain the land does not excuse the commissioners, because it was their duty to use reasonable means to furnish adequate drainage and to correct mistakes and defects of construction or maintenance, so as to insure adequate protection to the land. Both of these instructions were misleading and they should not have been given. The fifth instruction was erroneous for the same reason. The second, third and fourth instructions were also erroneous because they informed the jury, in substance, that they could not find the defendants guilty except for some failure or neglect of their statutory duty, without informing the jury what that statutory duty was.

The judgments of the Appellate Court and of the circuit court will be reversed and the cause remanded.

*Reversed and remanded.*