(No. 12422.—Judgment affirmed.)

JOSEPH E. THOMPSON, Admr., Appellant, *vs.* LAWRENCE P. HUGHES *et al.* Appellees.

*Opinion filed December 18, 1918.*

1. APPEALS AND ERRORS—*when Appellate Court's judgment as to negligence is conclusive.* In an action against drainage commissioners for damages for overflowing land, caused by their alleged negligence, if the facts upon which the issue of negligence is to be determined are controverted the judgment of the Appellate Court on that question is binding upon the Supreme Court.

2. EVIDENCE—*rule as to admitting expert testimony.* Where the subject matter of the inquiry is of such a character that only persons of skill and experience in it are capable of forming a correct judgment as to any facts connected therewith, persons so skilled and experienced may give their opinions as an aid to the jury.

3. SAME—*when alleged expert testimony is properly rejected.* The fact that a person owns considerable land and has observed conditions on his own land and other lands with reference to drainage in a greater degree than is usual does not make him an expert on the subject of drainage; but, even though he were regarded as qualified to give an expert opinion, it is proper to refuse to allow him to answer hypothetical questions calling for a determination by the witness of the ultimate fact to be determined by the jury.

4. DRAINAGE—*liability of drainage commissioners for neglect of duty.* The liability of farm drainage commissioners for damages to any of the assessed lands, due to the neglect by the commissioners of their duty to provide adequate drainage for such

lands, is created by statute and the duty itself is specific, although the commissioners have discretionary power to determine the system of drainage and in regard to the location of the drains and the details of the work.

5. SAME—*when the commissioners are not liable.* Where the ditches and drains of a farm drainage district are planned and constructed by and with the advice of skilled and experienced engineers, the drains and ditches are properly constructed according to such plans, the plans and completed drains are such as reasonably prudent men would provide for the district, and no defects in such system have appeared or come to the knowledge of the commissioners or could have been discovered by them by reasonable diligence prior to the sudden overflow of certain assessed land, they are not liable for the damage caused by such overflow.

6. SAME—*rule where damages are caused by an unprecedented rainfall.* Farm drainage commissioners are not liable for damage to assessed land from overflow caused by an unusual and extraordinary rainfall such as never had occurred before in the locality within the memory of man and which reasonably prudent men and skilled and experienced engineers could not anticipate and foresee.

7. SAME—*when a land owner cannot complain of damage.* If farm drainage commissioners make a change in the work at the request of a land owner, he cannot complain of damage to his land which results from the change being made.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the County Court of LaSalle county; the Hon. HENRY MAYO, Judge, presiding.

BROWNE & WILEY, and BUTTERS & CLARK, for appellant.

R. D. MILLS, and H. M. KELLY, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Joseph E. Thompson, as administrator of the estate of Barto Thompson, deceased, brought this action on the case in the county court of LaSalle county against the appellees, Lawrence P. Hughes, Frank Rawling and

286 — 9

Daniel McCarthy, drainage commissioners of Drainage District No. 1 of the town of Freedom, to recover damages sustained by his intestate by flooding his land within the drainage district, alleged to have been caused by neglect of the appellees, as commissioners, to perform the duty imposed upon them by law to provide sufficient drainage. There was a verdict of not guilty, on which judgment was rendered against appellant for costs. The judgment was affirmed by the Appellate Court for the Second District, and a certificate of importance having been granted, a further appeal was prosecuted to this court.

The points stated as grounds for reversal are as follows: "(1) Under the conceded facts and uncontradicted evidence the judgment against the appellant is erroneous; (2) the court erred in not permitting plaintiff's expert witness to testify; (3) erroneous instructions were given on behalf of defendant."

Barto Thompson owned one hundred acres of land, in which there was a lot of about sixteen acres used as a slough pasture and in the lot there was a pond covering four or five acres. In 1908 a drainage district was organized, including this land, and in 1909 an open ditch was constructed. In the winter of 1910 and 1911 tile drainage was extended by the district as a branch for the purpose of draining the pond and land above it. Thompson was assessed $1300 and paid his assessment. In March, 1909, he leased this tract and other land to a tenant for five years and was to have a share of crops on the land as rent. In 1911 the tenant broke up this slough pasture, and, the season being a dry one, raised a good crop of corn. In the spring of 1912 he again planted corn on the land, and, when the corn was about knee high, in the middle of June there was a very heavy rainfall and the tile was insufficient to carry the water off where the pond had been, so that about four acres of corn was destroyed and two acres more damaged. The tenant then planted the land in millet, and another heavy rain

came in August and the water again stood on the land four days and drowned out the millet. Both of the storms in June and August were exceptionally heavy and not ordinarily to be expected.

The question whether the defendants were guilty of negligence was controverted, both with respect to the plan of drainage adopted and on the grounds that the storms were such as the defendants were not bound to anticipate and provide against and that the original plan was changed at the instance of the owner of the land, rendering the drainage insufficient and causing the damage, therefore the facts upon which the issue of negligence was to be determined were controverted and the judgment of the Appellate Court is conclusive as to such facts.

The plaintiff called Henry Moniot, who testified that he owned about five hundred acres of land; that he had lived in LaSalle county about sixty years and had been over land in that part of Freedom, and that he actively conducted some of his farm lands twenty-five years, giving attention to the matter of tile drainage. An hypothesis of fact was then stated to the witness: that farm lands lie so nearly level that there is only a fall of three or three and a half feet to the mile; that they are thoroughly drained, or rather thoroughly lined and intersected with tile of sufficient size to accommodate all the water that might come into them from the surface of the surrounding soil, and upon that soil there should fall a continuous heavy rain for two or three days, so as to cover part of the lands. Upon that hypothesis he was asked to state the extreme length of time in which that water would disappear from the surface and into the tile. Objection to the question was sustained, and the witness then said that he had made a study of tile draining with regard to the varying conditions and time it takes for water to disappear from the surface of the soil into the tile on his lands and lands of others. An offer was then made to prove by the witness that he knew

from his knowledge and experience how long water from any rain, even the hardest, falling on land that is efficiently and sufficiently tiled, would remain before being taken into the tile drain and carried away, and that as applied to this case, no matter how hard the rain might have been, the water would be trapped and taken away by the tile drainage, if the tile drainage was efficient and sufficient, in less than twenty-four hours, and that under no circumstances can it be said that land is efficiently and sufficiently tiled where water remains on it for a longer period than twenty-four hours. Objection to the offer was also sustained. It is argued that the witness was entitled to give expert testimony on the subject inquired about. Such testimony is admissible when the subject matter of the inquiry is of such a character that only persons of skill and experience in it are capable of forming a correct judgment as to any facts connected therewith. The right to offer such testimony is not confined to particular professions, but the testimony is admissible when the witnesses offered as experts have peculiar knowledge or experience not common to the world, which renders their opinions founded on such knowledge or experience an aid to the jury in determining the question at issue. (*People* v. *Jennings,* 252 Ill. 534.) This witness owned considerable land and had observed conditions on his land and other lands with respect to drainage in a greater degree than usual but did not come within the definition of an expert. If he had, the questions asked were improper and incompetent, because the witness was asked to take the place of the jury as to the ultimate fact whether this land was efficiently and sufficiently tiled. The court did not err in the ruling.

The third point of the brief is that erroneous instructions were given on behalf of the defendants, and under that head the material question is the standard by which the performance of their duty by the defendants and their liability to penalties and damages was to be measured. Sec-

tion 41 of the Farm Drainage act requires the commission-
ers, if they find, by reason of error in locating or construct-
ing the ditches or any of them, or from any other cause,
the lands of the district are not drained or protected as
contemplated or some of them receive partial or no bene-
fit, shall use the corporate funds of the district to carry out
the original purpose, to the end that all the lands, so far
as practicable, shall receive their proper and equal benefits.
Section 46 provides that for a failure to perform any of
the duties imposed upon the commissioners they shall in-
dividually be liable to a fine not exceeding $100 and be
liable to the person injured by such neglect of duty for all
damages resulting to the person complaining. The duties
of commissioners do not end with the completion of the
original system, and if found defective they must remedy
the defect and maintain the drains and ditches, and if they
fail to keep them in repair they are liable to a penalty, and
the land owner has a remedy by *mandamus* to compel them
to perform their duty. (*Peotone and Manteno Union Drain-
age District* v. *Adams,* 163 Ill. 428; *Cleary* v. *Hoobler,* 207
id. 97; *Langan* v. *Milk's Grove Special Drainage District,*
239 id. 430; *Stoddard* v. *Keefe,* 278 id. 512.) They are
also liable for damages caused to an owner of land which
has been assessed for the system of drainage for neglect
of their duties. The case of *Binder* v. *Langhorst,* 234 Ill.
583, was of that character, and the court said: "The first
instruction refused was to the effect that if the commis-
sioners, by a plan that was practicable and feasible, might
have furnished adequate drainage for the land and they
failed or neglected to furnish it, and by reason of such
failure or neglect the plaintiff was damaged, then he had
a right to recover," and it was held that this instruction
should have been given. It was said that under the Levee
act the obligation and power of the commissioners are the
same as under the Farm Drainage act, and a positive duty
was imposed upon the commissioners to afford proper

drainage to land which had been assessed. In the opinion *Nagle* v. *Wakey,* 161 Ill. 387, was mentioned as applicable to commissioners of drainage districts, but the implication was immediately modified by the statement that the drainage statute expressly made the commissioners liable for damages occasioned by their neglect of duty, so that it was not intended to establish the same rule applicable to commissioners of highways contrary to the first instruction and the law as stated in the opinion. The liability of the commissioners in that case was not limited by the court to a failure to exercise such judgment as they possessed but the liability was rested on the statute, which would be practically nullified if there was any exemption on the ground of a want of such judgment and discretion as may be expected of ordinarily prudent men. In *Nagle* v. *Wakey, supra,* it was held that commissioners of highways are not liable for damages resulting from their official acts if there has been a fair and honest exercise of their judgment and discretion, and they are only liable for intentional neglect of duty or improper motive, for the reason that towns are established as local subdivisions of the State for governmental purposes and duties are imposed upon them without their assent, exclusively for public purposes. The distinction between a town as such a local subdivision and a municipal corporation which applies for and obtains a charter by which it acquires powers which could not otherwise be exercised and by which it becomes charged with duties in the exercise of such powers, was made the basis of such decision. On that distinction it was held that there is no implied or common law liability of commissioners of highways except for a failure to exercise their best judgment and discretion.

There is no statute creating a liability of commissioners of highways but there is an express statute creating such liability of drainage commissioners, and drainage districts are formed by petitions of land owners and given

powers and charged with duties, which brings them within the same rule as other corporations so organized. The duty declared by statute is specific and the performance of it is not discretionary, although the commissioners have a discretionary power to determine the system of drainage and in regard to the location of drains and the details of the work. For the purpose of advising the jury as to the measure of their liability the court gave instruction 13:

"The court instructs the jury that if you believe, from the evidence, that the drains and ditches in question were planned and constructed by the commissioners of the said drainage district preceding the defendants, by and with the advice of skilled and experienced engineers, and that such ditches and drains were properly constructed according to such plans, and that such plans and completed drains were such as reasonably prudent men would plan and construct for such district, and that no defects in such system had appeared or come to the knowledge of the defendants or could have been discovered by reasonable diligence on the part of the defendants prior to the injury complained of, then the jury should find the defendants not guilty."

That instruction stated the correct rule of law.

The first instruction which is objected to, advised the jury that if the injury was caused by an unusual and extraordinary rainfall amounting to a cloudburst by the act of God, such as never occurred before in the locality in question in the memory of man and which reasonably prudent men and skilled and experienced engineers could not anticipate and foresee, then the jury should find for the defendants. Whether rainfalls of the character described would come within the definition of an act of God or not, the rainfall must have been the proximate cause of the damage and if neglect of the defendants was a co-operating proximate cause they would be liable, but the instruction required that the rainfall should be such as never occurred before in the locality in question in the memory of man

and which reasonably prudent men and skilled and experienced engineers could not anticipate and foresee. If the jury found that to be a fact the defendants were not guilty of any neglect.

The jury were told in three instructions that if the condition complained of which resulted in damage was caused by a change requested by the land owner and his engineer the verdict must be for the defendants. Three instructions to the same effect should not have been given, but they were correct as a matter of law. Commissioners cannot charge a land owner with providing a sufficient and effective system of drainage for his lands, but if the land owner requests a change which causes damage and his request is complied with and the change made, he cannot be heard to complain of the result.

There were some instructions not applicable to the case and abstract in form, but we cannot see that they misled the jury, and the rules of law governing the rights of the parties were correctly stated.

In the argument for the appellees it is urged that the plaintiff was not entitled to recover because the land was rented and the legal title to the corn and millet, when destroyed, was in the tenant. That question was not raised in any way in the trial court, but the landlord would be entitled to a share of the corn when harvested, and the action of his administrator was on the case for consequent damage to him occasioned by alleged neglect of the commissioners. The statute created the liability to the owner of the land assessed for benefits, and while it would not be necessary to consider the question because not raised at the trial, the plaintiff was a proper party to bring the suit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*